UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Bryan Milazzo, Pro Se,
Plaintiff

v.

Peter Anthony,
Defendant
25 Scampini Sq
Barre, VT 05641

Case No.: 2:23-cv-576

JURY TRIAL DEMANDED

# COMPLAINT FOR AIDING AND ABETTING SEXUAL ACTIVITY AND ABUSE

Plaintiff Bryan Milazzo, Pro Se, brings this action against Defendant Peter Anthony.

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff Bryan Milazzo under 18 U.S. Code § 2255 for the recovery of compensatory and exemplary damages for injuries suffered as the result of Defendant Peter Anthony aiding and abetting of sexual activity against Plaintiff, a minor, as the term sexual activity is used in 18 U.S.C. §§ 2422, and 2423 ["sexual activity"]; sexual abuse as that term is defined in 12 V.S.A. § 522(c); and violations of New York Penal Code "Article 130 – Sex Offenses" as it existed in 1968 through 1970.

## PARTIES

2. Plaintiff is an individual residing in and a resident of the State of New Hampshire.

3. Upon information and belief, Defendant Peter Anthony resides in this District and is a citizen of the State of Vermont.

## JURISDICTION AND VENUE

4. Plaintiff is a citizen of the State of New Hampshire for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Venue is proper in the District of Vermont inasmuch as the childhood sexual abuse and sexual activity complained of originated or occurred in Vermont in violation of 12 VSA § 522 including 12 VSA § 522(c)(3) & (f) and without Vermont in violation of 18 U.S.C. §§ 1590, 1591, 2242, 2422, and 2423. And in violation of the 14th Amendment of the Constitution of the United States.

5. Defendant is a citizen of the State of Vermont for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6. This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy likely exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391 as Defendant is a resident of and/or is domiciled in this district and events giving rise to the claims occurred in this district.

## SEXUAL ABUSE

8. Plaintiff was a minor under Vermont, New York, and Federal statutes.

9. Defendant had supervisory and mentoring control of Plaintiff in agreement with Plaintiff's mother, the Hope Foundation, and Goddard College.

10. Between September 26 and September 30, 1968 Defendant transported Plaintiff from Vermont to New York so Plaintiff could attend Defendant's wedding reception.

11. Defendant provided overnight accommodations for Plaintiff in New York City and Ardsley, NY.

12. Plaintiff, then 16 years old, was served beer, mixed drinks, and Champagne by Defendant and Defendant's family members at Defendant's wedding reception.

13. On the night of September 28, 1968 Defendant transported Plaintiff to a private party at Defendants' parents home in Ardsley, NY.

14. Defendant, Defendant's wife, and Defendant's friends served Plaintiff, a minor, with various alcohol drinks, marijuana, and cocaine at the party in Ardsley, NY.

15. At some point during the evening of September 28, 1968, Plaintiff passed out due to alcohol and drug intoxication and was transported by Defendant to a bed in Defendants' parents house.

16. During the night Plaintiff awoke to a violent and brutal sexual assault by Defendant's college friend, Sanford "Sam" Simpson.

17. Plaintiff informed Defendant of Simpson's sexual assault.

18. Defendant did not report Simpson sexually assaulting Plaintiff to law enforcement.

19.     Between January of 1969 and June 13, 1970 Defendant aided and abetted Elaine Rossi, Defendant's wife at that time, as she engaged in sexual activity and abuse on many occasions upon Plaintiff, a minor, in violation of 18 U.S.C. §§ 2422, and 2423; sexual abuse as that term is defined in 12 V.S.A. § 522(c); and violations of New York Penal Code "Article 130 – Sex Offenses" as it existed in 1968 through 1970.

20.     Defendant knowingly aided and abetted Defendant's wife sexual activity and abuse upon Plaintiff by transporting Plaintiff between various locations in Vermont to Defendant's apartment in New York City and from New York City to Vermont.

21.     Defendant knowingly aided and abetted Defendant's wife as she provided Plaintiff, a minor, with alcohol and various drugs.

### COUNT 1- DEFENDANT ANTHONY - SEXUAL EXPLOITATION AND ABUSE OF A MINOR

22.     Defendant Anthony transported Plaintiff between the State of Vermont and the State of New York and within the State of Vermont and had an owed duty of care to protect Plaintiff, a minor, from sexual abuse and assault.

23.     Defendant Anthony, in violation of 18 U.S.C. § 2422, knowingly persuaded, induced and enticed Plaintiff. a minor, to travel between the State of Vermont and the State of New York and knew or should have known his college friend, Sam Simpson, was a sexual predator capable of committing felonious assault upon Plaintiff and that Simpson could be be charged with a criminal offense under New York and Federal law.

24.     Defendant Anthony, in violation of 18 U.S.C. § 2423, knowingly persuaded,

induced and enticed Plaintiff, a minor, to travel between the State of Vermont and the State of New York and knew or should have known his college friend, Sam Simpson, was a sexual predator capable of committing felonious assault upon Plaintiff and that Simpson could be be charged with a criminal offense under New York and Federal law.

**COUNT 2 – DEFENDANT ANTHONY - NEGLIGENT SUPERVISION**

25. Defendant had an owed duty of care to Plaintiff and knew or should have known that serving Plaintiff, a minor, with alcohol and illegal drugs was a violation of New York, Vermont, and Federal law.

26. Defendant failed to protect Plaintiff as his granted guardian, protection from the brutal sexual assault upon Plaintiff by his college friend, Sam Simpson.

27. Defendant failed to protect Plaintiff, a minor, from sexual activity and abuse by his wife, Elaine Rossi.

**COUNT 3 – FOSTERING AND PROMOTING AN ATMOSPHERE AND ENVIRONMENT IN WHICH SEXUAL ACTIVITY AND ABUSE COULD AND DID TAKE PLACE**

28. Defendant fostered an atmosphere and environment where Sam Simpson and Defendant's wife, Elaine Rossi, and other parties could engage in illegal sexual activity and abuse without fear of being investigated, disciplined or being referred for criminal prosecution. Defendant had a duty to Plaintiff to report felony sexual activity and abuse and failed to do so thus encouraging further abuse and assault of Plaintiff.

**COUNT 4 - FAILURE TO PROVIDE TREATMENT**

29. Defendant's failure of duty and indifference to protecting Plaintiff, a minor, left Plaintiff without assistance or support for treatment due to felonious sexual activity, sexual abuse, and sexual assault furthering the resulting traumatic ruination of Plaintiff's life.

## COUNT 5 - CONSPIRACY TO COVERUP

30. By and through Defendant's actions and failure to report felonious sexual activity and abuse of Plaintiff, such activities and abuse known by him, and in concert with his wife, Sam Simpson, and other parties intentionally committed felonious concealment of sexual activity and abuse upon Plaintiff.

## COUNT 6 - AIDING AND ABETTING

31. Defendant acted in furthering and facilitating the sexual activity and abuse of Plaintiff by placing Plaintiff, an unconscious minor, in close proximity to Sam Simpson and thus aided the brutal sexual assault of Plaintiff by Simpson and, in furtherance of injury to Plaintiff, failed to contact law enforcement. Defendant knew or should have known before the act by Simpson that Simpson was capable of felonious sexual assault. Defendant acted as a principal under 18 U.S.C. § 2 as it existed at the time of sexual activity and abuse and under NY Penal Law § 2 it existed at the time of sexual activity and abuse.

32. Defendant acted in furthering and facilitating the sexual activity and abuse of Plaintiff by Defendant's wife, Elaine Rossi, for more than one year. Defendant knew that his wife was sexually abusing Plaintiff but did nothing to stop the abuse nor did the

6

Defendant report his wife's felonious abuse of Plaintiff to law enforcement, said abuse occurring in at various locations in Vermont and New York City in Defendant's apartment. Defendant acted as a principal under 18 U.S.C. § 2 as it existed at the time of sexual activity and abuse; under NY Penal Law § 2 as it existed at the time of sexual activity and abuse; and under Vermont Title 41 Chapter 375 as it existed at the time of sexual activity and abuse.

## COUNT 7 - OUTRAGEOUS CONDUCT

33.    The conduct of Defendant as set out in this complaint was outrageous, done knowingly and deliberately, with the knowledge that there was a great risk of harm to Plaintiff, with conscious disregard of the risk and with intent to harm Plaintiff. Defendant's conduct constituted outrageous conduct, done intentionally or with reckless disregard of knowingly causing emotional distress to Plaintiff. Defendant's conduct caused the Plaintiff to suffer extreme emotional distress.

## DAMAGES

34.    As a direct result of the misconduct alleged in this complaint, Plaintiff has suffered and will continue to suffer PTSD, severe pain, emotional distress, embarrassment, humiliation, loss of self-esteem and other psychological injuries; was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of life and has incurred and will continue to incur expenses for medical, and psychological treatment, therapy and counseling.

WHEREFORE, Plaintiff requests that the court and jury award him compensatory

damages and exemplary damages in an amount deemed appropriate by the jury in an amount no less than the minimum amount prescribed by 18 U.S.C. § 2255, together with interest, costs, and fees pursuant to 18 U.S.C. § 2255 and such other relief as may be available to him.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

_____  
Bryan Milazzo,                                                              October 24, 2023  
Plaintiff, Pro Se  
416 Page Road  
Bow, NH 03304  
603-219-2075