UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Bryan Milazzo, Pro Se,
Plaintiff

Case No.:  2:23-cv-576

v.

Peter Anthony,
Defendant

_____

**MOTION TO STRIKE UNDER F.R.C.P. 12(f) AND F.R.C.P. 11(b) DEFENDANT'S
MOTION TO SEAL AND DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Plaintiff, Bryan Milazzo, Pro Se, and hereby submits this
Motion to Strike pursuant to F.R.C.P. 12(f) Defendant's *Motion to File Under Seal,
F.R.C.P. 5.2(d)* and Defendant's *Motion to Dismiss*, and accompanying exhibits. Mr.
Milazzo submits the following in support of his motion.

**<u>Memorandum of Law</u>**

Under F.R.C.P 11(b) *"Representations to the Court... an attorney certifies that to
the best of the person's knowledge, information, and belief,... (1) it is not being presented
for any improper purpose, such as to harass, cause unnecessary delay, or needlessly
increase the cost of litigation; (2) the claims, defenses, and other legal contentions are
warranted by existing law or by a nonfrivolous argument for extending, modifying, or*

1

*reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."*

Defendant's *Motion to File Under Seal, F.R.C.P. 5.2(d)* and Defendant's *Motion to Dismiss*, and accompanying exhibits are materially defective.  Both Defendant's *Motion to File Under Seal, F.R.C.P. 5.2(d)* and Defendant's *Motion to Dismiss*, and accompanying exhibits reference Defendant's **Exhibit A** as "*Milazzo v. Anthony*, Index No. 650502/2021 (N.Y. Supreme Ct., N.Y. Cty.): **Exhibit A.** *New York Complaint*". Plaintiff submits as Exhibit 1 *Milazzo v. Anthony*, Index No. 650502/2021 (N.Y. Supreme Ct., N.Y. C.).  The submitted evidentiary support for Defendant's Motion to Dismiss, Defendant's **Exhibit A**, is not "*Milazzo v. Anthony*, Index No. 650502/2021 (N.Y. Supreme Ct., N.Y. Cty) **Exhibit A.** *New York Complaint*".  Defendant's submitted evidentiary support,  **Exhibit A,** a fifteen (15) page impertinent legal filing, is, in fact, Milazzo v. Rossi, Index No. 650536/2021 (N.Y. Supreme Ct., N.Y. Cty.), a separate case. Defendant has, in violation of F.R.C.P. 11(b), misrepresented to this Court a factual basis supporting Defendant's Motion to Dismiss.  As **Exhibit A** forms an important part of the factual basis for Defendant's *Motion to Dismiss* and is wholly defective, Defendant's *Motion to Dismiss* must be stricken from this case.  Merely striking only **Exhibit A** from Defendant's *Motion to Dismiss* is insufficient as Exhibit A forms the foundation of

Defendant's procedural grounds to bring forth his *Motion to Dismiss.*

Defendant motions this Court to: *"...to file his rule 12(b)(6) motion to dismiss and accompanying exhibits under seal."* (Defendant's *Motion to File Under Seal, F.R.C.P. 5.2(d)*, page 2, second paragraph).  For the same reason to strike as outlined above so too must Defendant's *Motion to File Under Seal, F.R.C.P. 5.2(d)* be stricken in it's entirety from this case.  Allowing the sealing of a materially irrelevant and impertinent document, to whit **Exhibit A** a fifteen (15) page impertinent legal filing, would be akin to approving fraud upon this Court and most certainly prejudice Plaintiff.

> "To determine whether matter is impertinent one must first determine the scope of the issues in controversy, *and then under 12(f) determine whether the matter injected in the pleadings is relevant or material thereto."* (Italics added) "

> "The Supreme Court has defined "impertinent" as "all matter not material to the suit." Harrison v. Perea, 168 U.S. 311, 18 S.Ct. 129, 132, 42 L.Ed. 478."

> *Schenley Distillers Corporation v. Renken*, 34 F. Supp. 678, 684 (E.D.S.C. 1940)

Under F.R.C.P. Rule 12(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  "A motion to strike is generally disfavored, and will be allowed only where the Court is "convinced that there are no disputed questions of fact, that the questions of law are clear and settled, and that under no circumstances could the defense prevail"." *Green Mountain Power Corporation v. General Electric Corporation,* 496 F. Supp. 169, 171 (D.Vt. 1980); *see also Meinrath v. Singer Company,* 87 F.R.D. 422, 429 (S.D.N.Y. 1980); *Gilbert v. Eli Lilly Co., Inc.,* 56 F.R.D. 116, 121 (D.P.R. 1972). "Where it is clearly apparent that the

defense pled is insufficient as a matter of law, the motion may be granted." *Kelly v. Kosuga,* 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959); *U.S. Oil Company, Inc. v. Koch Refining Company,* 518 F. Supp. 957, 959 (E.D. Wis. 1981); *Texidor v. E.B. Aaby's Rederi A/S,* 354 F. Supp. 306, 308-09 (D.P.R. 1972). "Pursuant to Fed. R. Civ. P. 12(f), the court may upon a motion made by either party "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he courts should not tamper with the pleadings unless there is a strong reason for so doing."" (*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).)  *Giroux v. Foley*, Case No. 19-cv-00187, 12 (D. Vt. Apr. 6, 2020)

### Discussion

The cover page of Defendant's **Exhibit A** distinctly displays the name of the Defendant as *"Elaine Rossi"*, not Peter Anthony.  Defendant's Exhibit A has a a red *"Ex. A"* in the upper right corner of the cover page one inch from the impertinent Index No. (N.Y. Supreme Ct., N.Y. C.).  Without a doubt, it was clear that **Exhibit A** was physically viewed and not electronically procurred and submitted.  Defendant's attorney, Alexander M. Dean, Esq., submitted and signed Defendant's *Motion to File Under Seal, F.R.C.P. 5.2(d)* and Defendant's *Motion to Dismiss*, and accompanying exhibits.  So the buck stops with attorney Dean.

Whether or not attorney Dean has: "*... presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation...*"

(F.R.C.P. 11(b)(1)); has carelessly, intentionally or not, submitted impertinent documents should be a concern for this Court.  Such egregious submissions by attorney Dean have caused unnecessary delay and expense to this Honorable Court and to the Plaintiff, and prejudiced the Plaintiff's case.  Sanctions are appropriate as is review by the Vermont Bar Association.

## Conclusion

WHEREFORE, for the above stated reasons and facts, Plaintiff Bryan Milazzo, Pro Se, respectfully requests this Honorable Court pursuant to F.R.C.P. 12(f) grant his Motion to Strike with prejudice and strike Defendant's *Motion to File Under Seal, F.R.C.P. 5.2(d)* and Defendant's *Motion to Dismiss*, and accompanying exhibits.

Respectfully submitted,

*Bryan Milazzo*

Bryan Milazzo, Plaintiff                    Date: February 8, 2024

416 Page Road
Bow, NH 03304
violin959@gmail.com
603-219-2075


CERTIFICATE OF SERVICE

I, Bryan Milazzo, hereby certify that on February 8, 2024, I served a copy of this Motion to Strike upon Defendant via USPS to Defendant's attorney, Alexander Dean at his address of record, 507 Main Street, Bennington, Vermont 05201.