NEW YORK STATE SUPREME COURT
NEW YORK COUNTY

---

Bryan Milazzo,

                       Plaintiff,

v.

Peter Anthony,

                       Defendant.

---

Index No.: _____

Filed: _____

**SUMMONS**

Plaintiff designates New York County as the place of trial.

The basis of venue is the county in which a substantial part of the events or omissions giving rise to the claim occurred.

**Child Victims Act Proceeding**
**22 NYCRR 202.72**

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**A COPY OF THS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, NEW YORK COUNTY ON _____ IN COMPLIANCE WITH CPLR §§305(a) AND 306 (a).**

Dated: July 8, 2021

                       By _____
                       Bryan Milazzo
                       Plaintiff
                       416 Page Road
                       Bow, NH 03304
                       872-903-3016
                       johndoenycourt@gmail.com

1

TO:

Peter Anthony
25 Scampini Square
Barre, VT 05641

NEW YORK STATE SUPREME COURT
NEW YORK COUNTY

Bryan Milazzo,

                        Plaintiff,

v.

Peter Anthony,

                        Defendant.

Index No.: _____

**COMPLAINT**

**Child Victims Act Proceeding
22 NYCRR 202.72**

Plaintiff Bryan Milazzo, respectfully alleges for his complaint the following:

## I. INTRODUCTION

This case arises from childhood sexual abuse and exploitation that Plaintiff Bryan Milazzo (hereafter known as the "Plaintiff") suffered at the hands of the Defendant Peter Anthony (hereafter known as "the Defendant"). As a caretaker of the Plaintiff, the Defendant failed to take reasonable steps to protect the Plaintiff from the danger of being sexually assaulted, raped, and abused by Sanford "Sam" Simpson (hereafter 'Mr. Simpson"), Elaine Joseph Anthony (then wife of the Defendant, hereafter "Mrs. Anthony"), and others. As a result, the Defendant was able to use his position as a caretaker and protector of the Plaintiff to allow Mr. Simpson and Mrs. Anthony to sexually abuse the Plaintiff.

## II. PROCEEDING IN ACCORDANCE WITH CPLR 214-G AND 22 NYCRR 202.72

This complaint is filed pursuant to the Child Victims Act (CVA) 2019 Sess. Law News of N.Y. Ch. 11 (S. 2440), CPLR 214-G, and 22 NVCRR 202.72. The CVA opened a historic one-year one-time window for survivors of childhood sexual abuse in the State of

New York to pursue lapsed claims. Prior to the passage of the CVA, Plaintiff's claims were time-barred. The enactment of the CVA allows Plaintiff, for the first time in his life, to pursue restorative justice in New York State.

### III. PARTIES

1. The Plaintiff is an adult male who currently resides in New Hampshire.

2. While he was a minor and under the car of the Defendant, the Plaintiff was a victim of one or more criminal sex acts in the State of New York, including sexual acts that would constitute a sexual offense and thus revives the Plaintiff's claim under the Child Victims Act.

3. Upon statement and belief, the Defendant was a legal resident New York State at all relevant times.

### IV. STATEMENT OF FACTS

4. The Defendant was a student at Goddard College in Vermont where he participated in a Big Brother program.

5. Mr. Simpson was the Defendant's college roommate.

6. The Defendant met the Plaintiff and his primary caregiver (hereafter the "Plaintiff's mother") when the Plaintiff was 11 years old.

7. The Plaintiff participated in numerous outings, supervised and unsupervised, with the Defendant.

8. At all relevant times the Plaintiff was a minor under the care and supervision of the Defendant.

9. On September 28, 1968 the Defendant and Elaine Joseph (hereafter "Mrs. Anthony") were married in New York City. The Plaintiff, aged sixteen, attended the wedding

4

reception of the Defendant and Mrs. Anthony at the St. Regis Hotel in Manhattan.

10. During the reception the Plaintiff was supplied with beer and alcohol by the Defendant, Mrs. Anthony, and additional family members and friends of the Defendant including Mr. Simpson.

11. At approximately 6 PM on September 28, 1968 the Plaintiff was driven from the St. Regis Hotel in Manhattan to the Defendant's parents' home in Ardsley, NY.

12. The Plaintiff was subsequently given additional alcohol and drugs, including marijuana and cocaine.

13. The Plaintiff was told to sleep in the room opposite the room Mr. Simpson was assigned.

14. During the night, the Plaintiff woke to find Mr. Simpson grabbing his genitalia in an aggressive manner, sweating profusely, masturbating, and holding the Plaintiff down by the neck as he attempted to rape the Plaintiff.

15. The Plaintiff hit Mr. Simpson in the head and escaped Mr. Simpson's hold subsequently locking himself in the bathroom. Mr. Simpson attempted to breakdown the door but was not able to do so. The Plaintiff stayed awake in the bathtub for the remainder of the night.

16. When the Plaintiff told the Defendant several days later that Mr. Simpson has sexually assaulted him the Defendant admitted that Mr. Simpson had molested other minor boys.

17. The Defendant told Mrs. Anthony about the assault.

18. The Defendant never contacted the police.

19. The sexual assault committed by Mr. Simpson left the Plaintiff very depressed, ashamed, and scared. The Plaintiff subsequently became addicted to alcohol and drugs,

5

NYSCEF DOC. NO. 16    Case 2:23-cv-00576-kjd   Document 15-1   Filed 02/08/24   Page 6 of 14   RECEIVED NYSCEF: 07/08/2021

addictions that endured through the next three decades.

20. Following the sexual assault on the Plaintiff, during the winter of 1968-69, Mrs. Anthony, the wife of the Defendant, sexually assaulted the Plaintiff. Mrs. Anthony's sexual abuse and rape of the Plaintiff continued for approximately one (1) year.

21. Mrs. Anthony picked up the Plaintiff from school and took him to a remote farmhouse in Vermont numerous times. While at the farmhouse, she would give him alcohol and drugs including cocaine and sexually assault him.

22. Also during the winter of 1968-69 Mrs. Anthony transported the Plaintiff to New York City on several occasions where she and the Defendant had an apartment at 604 West 115th Street.

23. While the Plaintiff was at the aforementioned apartment, Mrs. Anthony and the Defendant would give the Plaintiff alcohol and drugs.

24. During this year Mrs. Anthony and the Defendant had an argument and the Defendant moved out of their shared apartment.

25. Mrs. Anthony continued to sexually assault and rape the Plaintiff in said apartment after the Defendant moved out.

26. At all relevant times the Defendant was aware that Mrs. Anthony, was providing drugs and alcohol to and sexually assaulting the Plaintiff.

27. The Defendant did not intervene or attempt to stop Mrs. Anthony's abuse and related activities towards the Plaintiff.

28. The Defendant's failure to stop the abuse by Mrs. Anthony resulted in the Plaintiff becoming addicted to alcohol and drugs at the age of sixteen, to the point of weighing less than 95 lbs. and leading to multiple hospitalizations.

6 of 14

29. At all relevant times, the Plaintiff and the Plaintiff's mother reasonably relied upon the acts and representations of the Defendant.

30. At all relevant times, the Plaintiff and the Plaintiff's mother trusted the Defendant because as a member of the Big Brother program, the Defendant held himself out as someone who was safe and could be trusted with the supervision, care, custody, and control of the Plaintiff.

31. At all relevant times, the Plaintiff and the Plaintiff's mother believed the Defendant would exercise such care as would a parent of ordinary prudence in comparable circumstances when assuming supervision, care, custody, and control of the Plaintiff.

32. Based on the Defendant's representations that Defendant was safe and trustworthy, the Plaintiff and the Plaintiff's mother allowed Plaintiff to be under the supervision of, and in the care, custody, and control of the Defendant, including when the Plaintiff was sexually abused by Mr. Simpson and Mrs. Anthony.

33. As a minor in both Vermont and New York States at the time of the abuse, the Plaintiff had neither the legal or mental capacity to consent to any of the previously mentioned activities.

34. The Defendant, being a legal adult at the time of the abuse in both Vermont and New York States, had the legal and mental capacity to recognize the abuse being committed against the Plaintiff, in addition to bearing specific duties as a recognized caregiver to Plaintiff.

35. The sexual abuse by Mr. Simpson, while the Plaintiff was in the care of the Defendant, included, but was not limited to, Mr. Simpson kissing and fondling the Plaintiff, as well as Mr. Simpson masturbating himself in front of the Plaintiff and attempting to

7

forcibly perform oral sex on the Plaintiff.

36. The sexual abuse by Mrs. Anthony, while the Plaintiff was in the care of the Defendant, included, but was not limited to, Mrs. Anthony kissing and fondling the Plaintiff; oral and anal sex; and Mrs. Anthony masturbating in front of the Plaintiff.

37. The sexual abuse by Mr. Simpson was on property that was owned, rented, operated, and/or controlled by the Defendant.

38. The sexual abuse by Mrs. Anthony was on property that was owned, rented, operated, and/or controlled by the Defendant.

39. The sexual abuse by Mr. Simpson occurred during activities that were under the control of, or directly as a result of activities that were sponsored by the Defendant

40. The sexual abuse by Mrs. Anthony occurred during activities that the Plaintiff reasonably believed the Defendant controlled.

41. At all relevant times the Defendant knew or should have known that Mr. Simpson would use his position to sexually abuse the Plaintiff and other children.

42. At all relevant times the Defendant knew or should have known that Mr. Simpson was likely to sexually abuse children, including the Plaintiff.

43. At all relevant times the Defendant knew or should have known that Mrs. Anthony was likely to sexually abuse the Plaintiff.

44. At all relevant times it was reasonably foreseeable to the Defendant that Mr. Simpson's sexual abuse of children would likely result in injury to others, including the sexual abuse of the Plaintiff.

45. Before and during the time Mr. Simpson sexually abused the Plaintiff, the Defendant knew or should have known that Mr. Simpson was sexually abusing the Plaintiff.

8

46. Before and during the time Mrs. Anthony sexually abused the Plaintiff, the Defendant knew or should have known that Mrs. Anthony was sexually abusing the Plaintiff

47. The Defendant concealed Mr. Simpson's sexual abuse of the Plaintiff to hide his own actions in failing to protect children from Mr. Simpson, to protect the Defendant's own reputation, and to prevent Mr. Simpson's victims from coming forward during the statute of limitations prior to the enactment of the current law, despite knowing that Mr. Simpson would continue to molest children.

48. The Defendant concealed the sexual abuse of the Plaintiff by Mrs. Anthony to conceal his own bad acts, including but not limited to adulterous affairs and to protect his own reputation.

49. The Defendant consciously and recklessly disregarded his knowledge that Mr. Simpson would use his position with the Defendant as a friend of the Defendant to sexually abuse the Plaintiff.

50. The Defendant consciously and recklessly disregarded his knowledge that Mrs. Anthony would use her position as the wife of the Defendant to sexually abuse the Plaintiff.

51. The Defendant acted in concert with Mr. Simpson to conceal the danger that Mr. Simpson posed to children, including the Plaintiff.

52. The Defendant acted in concert with Mrs. Anthony to conceal the danger that Mrs. Anthony posed to the Plaintiff.

53. The Defendant knew that his negligent and reckless conduct would inflict severe emotional and psychological distress, as well as personal physical injury, on the Plaintiff, and that the Plaintiff did in fact suffer severe emotional and psychological

distress and personal physical injury as a result of the Defendant's wrongful conduct.

54. By reason of the wrongful acts of the Defendant as detailed herein, the Plaintiff sustained physical and psychological injuries, including but not limited to, severe emotional and psychological distress, humiliation, fright, dissociation, anger, depression, anxiety, self-mutilation, family turmoil and loss of faith, severe shocks to his nervous system, physical pain, mental anguish, and emotional and psychological damage.

55. The Plaintiff has endured unending physical, mental, and psychological pain and suffering for more than fifty (50) years and is plagued to this day by the sexual abuse that the Defendant permitted to happen.

## CAUSES OF ACTION

### 1. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. The Plaintiff repeats, reiterates, and re-alleges each and every allegation contained this Complaint, inclusive with the same force and effect as set forth at length in this Complaint.

57. At all times mentioned herein, the Defendant owed a duty of care to provide the Plaintiff with a safe environment and not subject the Plaintiff to dangerous conditions.

58. At all times mentioned herein, the Defendant breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiff to be sexually assaulted.

59. As a result of the negligence of the Defendant, the Plaintiff was caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

60. The Defendant engaged in outrageous conduct towards the Plaintiff, with the intention to cause, or with reckless disregard for, the probability of causing the Plaintiff to suffer severe emotional distress.

61. As a result of the aforementioned acts of the Defendant to the Plaintiff, the Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, mental anguish, and physical injuries, as well as economic losses, all damages in amounts to be proven at trial.

62. The Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights, entitling the Plaintiff to recover punitive damages in amounts to be proven at trial.

## 2. SECOND CAUSE OF ACTION – NEGLIGENCE

63. The Plaintiff repeats, reiterates, and re-alleges each and every allegation contained this Complaint, inclusive with the same force and effect as set forth at length in this Complaint.

64. At all times mentioned herein, the Defendant owed a duty of care to provide the Plaintiff with a safe environment and not subject the Plaintiff to dangerous conditions.

65. At all times mentioned herein, the Defendant breached the above-stated duty in a negligent, reckless, willful and wanton manner, and caused Plaintiff to be sexually assaulted.

66. As a result of the negligence of the Defendant, the Plaintiff was caused serious personal injuries, emotional distress, mental pain and suffering, mental anguish and/or physical manifestations thereof, and other losses, all of which have not as of yet been ascertained.

67. At all times mentioned herein, the Defendant had a duty to take reasonable steps to

protect the Plaintiff from foreseeable harm when the Plaintiff was in the Defendant's care, custody, and control.

68. The Defendant had a duty to take reasonable steps to prevent Mr. Simpson from using the tasks, premises, and instrumentalities of his relationship with the Defendant to target, groom, and sexually abuse the Plaintiff.

69. The Defendant did not report the sexual abuse committed by Mr. Simpson to the Plaintiff to law enforcement, despite having a legal duty to do so.

70. The Defendant did not report the sexual abuse committed by Mrs. Anthony to the Plaintiff to law enforcement, despite having a legal duty to do so.

71. In breaching his duties, the Defendant failed to warn the Plaintiff and the Plaintiff's mother of the danger of sexual abuse and battery by Mr. Simpson, and thus failed to create a safe and secure environment for the Plaintiff while the Plaintiff was in his care, custody, and control. Thus, the Defendant created a foreseeable risk that the Plaintiff would be sexually abused by Mr. Simpson.

72. In breaching his duties, the Defendant failed to warn the Plaintiff and the Plaintiff's mother of the danger of sexual abuse and battery by Mrs. Anthony, and thus failed to create a safe and secure environment for the Plaintiff while the Plaintiff was in his care, custody, and control. Thus, the Defendant created a foreseeable risk that the Plaintiff would be sexually abused by Mrs. Anthony.

73. As a direct and proximate result of the acts and omissions of the Defendant, Mr. Stimpson sexually abused the Plaintiff, which caused the Plaintiff to suffer general and special damages as more fully described herein.

74. As a direct and proximate result of the acts and omissions of the Defendant, Mrs.

Anthony sexually abused the Plaintiff, which caused the Plaintiff to suffer general and special damages as more fully described herein.

75. The Plaintiff is entitled to compensatory damages from the Defendant in such sums as a jury would find fair, just and adequate.

76. The Plaintiff is entitled to punitive damages from the Defendants in such sums as a jury would find fair, just, and adequate.

77. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

78. This action falls within exceptions to Article 16 of the C.P.L.R.

## CPLR 1603 – NO APPORTIONMENT OF LIABILITY

79. Pursuant to CPLR 1603, the foregoing causes of action are exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(2), CPLR 1602(5), 1602(7) and 1602(11), thus precluding the Defendant from limiting their liability by apportioning some portion of liability to any joint tortfeasor.

## PRAYER FOR RELIEF

**WHEREFORE, the** Plaintiff demands judgement against the Defendant in such sum as a jury would find fair, adequate and just containing the following relief:

A.      The Plaintiff specifically reserves the right to pursue additional causes of action, other than those outlined above, that are supported by the facts pleaded or that may be supported by other facts learned in discovery.

B.      A declaratory judgement that the actions, conduct and practices of the Defendant complained of herein violated the laws of the State of New York;

13

C. An injunction and order permanently restraining the Defendant from engaging in such unlawful conduct;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate the Plaintiff for all monetary and/or economic harm; harm to his personal and professional reputations and loss of career fulfillment; for all non-monetary and/or compensatory harm, including but not limited to, compensation for physical anguish and mental anguish; all other monetary and/or non-monetary losses suffered by the Plaintiff; and that by reason of the foregoing, the Plaintiff sustained damages in a sum, pursuant to C.P.L.R. §3017, which exceeds the jurisdictional limits of all lower courts;

E. An award of punitive damages;

F. An award of costs that the Plaintiff has incurred in this action, as well as the Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and.

G. Such other and further relief as this Honorable Court may deem just and proper.

Dated: July 8, 2021

By _____
Bryan Milazzo
Plaintiff
416 Page Road
Bow, NH 03304
872-903-3016
johndoenycourt@gmail.com