UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Bryan Milazzo,<br><br>      Plaintiff,<br><br>      v.<br><br>Peter Anthony,<br><br>      Defendant. | Civil Action No. 2:23–cv–576 |

## ORDER
(Docs. 15, 20)

On November 1, 2023, self-represented Plaintiff Bryan Milazzo filed a Complaint against Defendant Peter Anthony seeking "compensatory and exemplary damages for injuries suffered as the result of . . . sexual activity against Plaintiff, a minor." (Doc. 1 at 1.)

On January 29, 2024, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 13.) Defendant also filed a Motion to File Under Seal both his Motion to Dismiss and Motion to File Under Seal. (Doc. 14.) These documents were docketed under seal pending a ruling on the request for sealing. The Motion to Seal remains pending. On February 8, 2024, Plaintiff filed a Motion to Strike Defendant's Motion to File Under Seal and Motion to Dismiss. (Doc. 15.) On February 13, 2024, Plaintiff filed a Motion to Expedite his Motion to Strike. (Doc. 20.)

## Discussion

Plaintiff's Motion to Strike alleges that Defendant's Motion to File Under Seal and Motion to Dismiss are "materially defective" and constitute "impertinent legal filing[s]." (Doc. 15 at 2, 5.) Specifically, Plaintiff asserts that Exhibit A in support of Defendant's Motion to

Dismiss is not what Defendant represented it to be in his Motion to Dismiss and Motion to File Under Seal. (*Id.* at 2.) Plaintiff claims that Defendant has violated Federal Rule of Civil Procedure 11(b) because he "misrepresented to this Court a factual basis supporting [his] Motion to Dismiss." (*Id.*) Plaintiff requests that Defendant's Motion to Dismiss and accompanying Exhibits be "stricken from this case." (*Id.*) For the same reasons, Plaintiff also requests that Defendant's Motion to File Under Seal be "stricken in it[]s entirety." (*Id.* at 3.) After Plaintiff filed his Motion to Strike, Defendant appears to have filed the intended Exhibit A, and the Clerk's office made the appropriate substitution on the docket. (*See* ECF 19 ("The incorrect Exhibit A was provided at time of filing and has been replaced."); Doc. 21 at 1.) Defendant represents that "[t]he corrected exhibit was a simple docket entry correction of a single attachment," and "[t]here were no corrections to any memorandum filed." (Doc. 21 at 1.) There is no evidence that Defendant purposefully or in bad faith filed the incorrect Exhibit A. Because the Exhibit at issue has been corrected, Plaintiff's Motion to Strike is denied.

Plaintiff's Motion to Expedite his Motion to Strike alleges that "Defendant has failed to provide Plaintiff with the corrected version" of Defendant's Motion to Dismiss and Motion to Seal. (Doc. 20 at 2.) Plaintiff explains that "[d]ue to Defendant's request to file under seal," he does not have access to the corrected Exhibit A. (*Id.*) Defendant responds that Plaintiff should have received the corrected Exhibit A because, as a registered user of PACER/ECF, he has "received an email each time a document has been filed in this case." (Doc. 21 at 1.) Plaintiff clarifies, however, that he does not have access to the corrected Exhibit A on PACER/ECF because the corrected Exhibit was not attached to the notice of docket entry correction and the Motion to Dismiss is presently under seal. (*See* Doc. 22; ECF 19.) Therefore, Plaintiff requests that Defendant serve his Motion to Dismiss, with the replaced Exhibit, on Plaintiff by mail.

As the Motion to Dismiss and Exhibits have been docketed under seal pending a ruling on Defendant's Motion to Seal, which apparently has prevented Plaintiff from accessing the corrected Exhibit, the Court orders Defendant to serve Plaintiff with the Motion to Dismiss, the corrected Exhibit, and the Motion to Seal.[1]  Therefore, Plaintiff's Motion to Expedite is granted to the extent Plaintiff requests that Defendant serve him with the Motion to Dismiss and corrected Exhibit A.  Plaintiff's Motion to Expedite is otherwise denied.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Strike (Doc. 15) is DENIED, and his Motion to Expedite (Doc. 20) is GRANTED to the extent Plaintiff requests that Defendant serve him with the Motion to Dismiss and corrected Exhibit A.  Defendant shall serve Plaintiff with the Motion to Dismiss, corrected Exhibit A, the Motion to Seal, and shall file a Certificate of Service identifying the documents served and the location and date of service.

Dated at Burlington, in the District of Vermont, this 27th day of February 2024.

/s/ Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge

---

[1] Although he asserts that he has not been served Defendant's Motion to Dismiss and Motion to Seal, Plaintiff responded to Defendant's Motion to Dismiss and Motion to Seal on February 22, 2024 (*see* Docs. 23, 24). The Court nonetheless orders Defendant to serve Plaintiff with the Motion to Dismiss and corrected Exhibit to ensure Plaintiff has access to all sealed documents on the docket pending a ruling on the Motion to Seal.