UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Bryan Milazzo, <br><br> Plaintiff, <br><br> v. <br><br> Peter Anthony, <br><br> Defendant. | Civil Action No. 2:23–cv–00576-kjd |

## OPINION AND ORDER
(Docs. 14, 29)

Self-represented Plaintiff Bryan Milazzo brings this action against Peter Anthony pursuant to 18 U.S.C. § 2255.  Plaintiff seeks "compensatory and exemplary damages for injuries suffered as the result of Defendant Peter Anthony aiding and abetting . . . sexual activity against Plaintiff, a minor . . . ."  (Doc. 1 at 1.)

Prior to bringing this federal case, Plaintiff filed complaints against Defendant in New York and Vermont state court based on the same or similar facts as alleged in his federal Complaint.  (*See* Doc. 13 at 2.)  The New York proceedings remain pending.  The Vermont Superior Court dismissed Plaintiff's complaint in 2023 for failure to state a claim upon which relief can be granted.  (*Id.*)  Plaintiff filed his Complaint in this Court on November 1, 2023.

On January 29, 2024, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 13.)  Defendant attached the following Exhibits to his Motion to Dismiss: (1) Plaintiff's complaint in New York state court against Defendant (Exhibit A); (2) Plaintiff's amended complaint in Vermont state court against Defendant (Exhibit B); (3) an

order of the Vermont Superior Court regarding the sealing procedure in Plaintiff's case against Defendant (Exhibit C); (4) an Opinion and Order of the Vermont Superior Court dismissing Plaintiff's claims against Defendant (Exhibit D); and (5) a copy of a statutory provision addressing the statute of limitations for filing claims related to childhood sexual abuse (Exhibit E).  In conjunction with his Motion to Dismiss, Defendant also filed a Motion to File Under Seal, requesting that the Court seal the Motion to Dismiss and its accompanying Exhibits.  (Doc. 14.)  The Motion to Dismiss, the Exhibits, and the Motion to File Under Seal are presently sealed on the docket.  (Docs. 13, 13-1–13-5, 14.)

On February 22, 2024, Plaintiff filed his Response in Opposition to the Motion to File Under Seal (Doc. 24), and his Response in Opposition to Defendant's Motion to Dismiss (Doc. 23).  On February 29, 2024, Defendant filed his Reply to Plaintiff's Response to the Motion to Dismiss and attached the following Exhibits: (1) a portion of Plaintiff's discovery responses in the New York state court proceedings (Exhibit A); (2) Plaintiff's complaint in New York state court against Defendant's ex-wife (Exhibit B); and (3) Plaintiff's complaint in New York state court against Defendant (Exhibit C (duplicative of Exhibit A attached to the Motion to Dismiss (Doc. 13))).  Defendant also filed a second Motion to File Under Seal, requesting that the Court seal the Reply and its accompanying Exhibits.  (Doc. 29.)  Defendant's Reply, the Exhibits, and the second Motion to File Under Seal are presently sealed on the docket.  (Docs. 28, 28-1–28-3, 29.)  On March 19, 2024, the Court held a hearing on the Motions to File Under Seal.

For the reasons explained below, Defendant's Motions to File Under Seal (Docs. 14, 29) are DENIED.

**Analysis**

I.  **Legal Standard**

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). There are "two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment[1] and a slightly weaker form based in federal common law." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (footnote added); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (explaining the presumption favoring public access to judicial records). The federal common law right of public access is "firmly rooted in our nation's history," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), and "founded upon the public's interest in monitoring the judiciary's administration of justice," *United States v. Basciano*, 03-CR-929, 05-CR-060, 2010 WL 11679716, at *2 (E.D.N.Y. May 12, 2010) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (*Amodeo II*)).

Courts engage in a "three-step inquiry" under the common law presumption of access to determine whether documents may be sealed. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *Lugosch*, 435 F.3d at 119). "Before any such common law right can attach, however, a court must first conclude that the documents at issue are 'judicial documents.'" *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 195) (*Amodeo I*)).

---

[1] As explained below, Defendant has not overcome the common law presumption of openness with respect to the documents he requests the Court to seal. Therefore, "the applicability of any First Amendment protections need not be decided." *New England Life Ins. Co. v. Wilson*, No. 2:11-cv-45, 2011 WL 13214116, at *3 (D. Vt. Sept. 28, 2011) (declining to address the First Amendment presumption in favor of public access because Defendant could not overcome the common law presumption).

3

If the documents sought to be sealed are "judicial documents," the common law right of public access "gives rise to a rebuttable presumption of public availability." *New England Life Ins. Co. v. Wilson*, Case No. 2:11-cv-45, 2011 WL 13214116, at *1 (D. Vt. Sept. 28, 2011). Next, "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. Finally, after determining the weight of the presumption of access, the court must "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d 51 at 59 (citing *Amodeo II*, 71 F.3d at 1050). The burden is on the party requesting nondisclosure to put forth "substantial countervailing considerations—supported by examples or explicit reasoning—to overcome the presumption of public access." *Connecticut Gen. Life Ins. Co. v. Biohealth Lab'ys, Inc.*, CIVIL CASE NO. 3:19-CV-1324 (JCH), 2023 WL 5567393, at *2 (D. Conn. May 2, 2023); *see also DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).

## II.    Discussion

### A.    Judicial Documents

A judicial document is a filed item that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo I*, 44 F.3d at 145). "Whether a document is a judicial document turns on an evaluation of 'the relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the document would materially assist the public in understanding the issues

4

before the court.'" *Suber v. VVP Servs., LLC*, No. 21-2649, 2023 WL 115631, at *4 (2d Cir. Jan. 10, 2023) (summary order) (quoting *Bernstein*, 814 F.3d at 139–40).

Defendant seeks to seal his Motion to Dismiss (Doc. 13), its accompanying Exhibits (Docs. 13-1–13-5), his Reply to the Response to the Motion to Dismiss (Doc. 28), its accompanying Exhibits (Docs. 28-1–28-3), and both Motions to File Under Seal (Docs. 14, 29). As Defendant conceded at the March 19 hearing, these documents are quintessential judicial documents.

The Motion to Dismiss and the Reply to the Response to the Motion to Dismiss are relevant to the performance of the judicial function because they were filed for the Court's consideration in ultimately adjudicating the case. *See, e.g.*, *Lugosch*, 435 F.3d at 122; *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) ("Dispositive motions are adjudications, and '[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.'" (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982))). Similarly, the Motions to File Under Seal are judicial documents because they are relevant to the performance of the judicial function, in particular a determination whether it is appropriate to prevent public access to court filings. *See Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019) (explaining that documents submitted in support of non-dispositive motions are judicial documents).

With respect to the Exhibits submitted in support of Defendant's Motion to Dismiss and his Reply to the Response to the Motion to Dismiss, "documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment," *Lugosch*, 435 F.3d at 126, and courts have extended this reasoning to documents

5

filed in support of a motion to dismiss. *See, e.g.*, *Bernsten*, 307 F. Supp. 3d at 165–66; *Raffaele v. City of N.Y.*, No. 13-CV-4607 (KAM)(VVP), 2014 WL 2573464, at *1 (E.D.N.Y. June 9, 2014); *Alcon Vision, LLC v. Lens.com*, 18-CV-0407 (NG), 2020 WL 3791865, at *6 (E.D.N.Y. July 7, 2020) ("Court filings in connection with a motion to dismiss are . . . judicial documents . . . ."). "Where documents are submitted to the court with the tendency and intention to assist in the performance of its Article III duties, the documents constitute judicial documents regardless of whether they are actually relied upon in the performance of those duties." *Grant v. Lamont*, CASE NO. 3:22-CV-01223 (JBA), 2023 WL 6958763, at *3 (D. Conn. Oct. 20, 2023); *see also Brown*, 929 F.3d at 49 (explaining that a document is relevant to the performance of the judicial function "if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision" (emphasis omitted)).

Because Defendant submitted these Exhibits for the Court's consideration in ruling on the Motion to Dismiss, he filed the Exhibits with "the tendency and intention to assist in the performance of [the Court's] Article III duties . . . regardless of whether they are actually relied upon." *Grant*, 2023 WL 6958763, at *3. Indeed, Defendant's Exhibits appear relevant to some of his arguments in the Reply brief, notwithstanding his assertion that the Court need not consider these Exhibits in ruling on the Motion to Dismiss. (Doc. 28 at 8 n.3.)

Therefore, the Exhibits submitted in support of Defendant's Motion to Dismiss and his Reply to the Response to the Motion to Dismiss are judicial documents to which the presumption of public access attaches.

B.      **Weight Accorded the Presumptive Right of Access**

"The common law right of public access to judicial documents gives rise to a rebuttable presumption of public availability, and the weight accorded this presumption 'must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Wilson*, 2011 WL 13214116, at *2 (quoting *Amodeo II*, 71 F.3d at 1049). Public access to judicial documents that play a central role in the exercise of Article III power is "critical as it enables the public to monitor the actions of the courts . . . to ensure 'a measure of accountability' and bolster 'confidence in the administration of justice.'" *Mirlis*, 952 F.3d at 60 (quoting *Amodeo II*, 71 F.3d at 1048).

The presumption of public access exists along a continuum. The strongest presumption attaches where the documents "determin[e] litigants' substantive rights," and is weaker where the "documents play only a negligible role in the performance of Article III duties." *Amodeo II*, 71 F.3d at 1049–50; *see also Bernstein*, 814 F.3d at 142 (finding that the presumption is "at its zenith" where documents "directly affect an adjudication, or are used to determine litigants' substantive legal rights," and is at its weakest where a document is neither used by the court nor "presented to the court to invoke its powers or affect its decisions" (internal quotation marks and citation omitted)). Legal briefing "used by parties moving for, or opposing" a dispositive motion fall on the far end of the continuum and are subject to the strongest presumption. *Lugosch*, 435 F.3d at 123 (internal quotation marks omitted); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("[T]he presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication." (internal quotation marks omitted)); *Joy*, 692 F.2d at 893 ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public

7

scrutiny."). Accordingly, a strong presumption of public access attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion. *See Brown*, 929 F.3d at 50. Moreover, where the documents at issue "are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal." *Amodeo II*, 71 F.3d at 1050.

As explained below, Defendant's Motion to Dismiss (Doc. 13) and his Reply to the Response to the Motion to Dismiss (Doc. 28) fall along the far end of the continuum and are subject to the strongest presumption of public access. His Motions to File Under Seal (Docs. 14, 29) and the Exhibits he submitted in support of his Motion to Dismiss and his Reply (Docs. 13-1–13-5, 28-1–28-5) likewise fall on the far end of the continuum but are accorded a moderately strong presumption of public access.

### 1. Defendant's Motion to Dismiss and Reply to the Response to the Motion to Dismiss

Defendant's Motion to Dismiss (Doc. 13) and his Reply to the Response to the Motion to Dismiss (Doc. 28) fall along the far end of the presumption-of-public-access continuum. The Motion to Dismiss is a dispositive motion to which a strong presumption of access attaches. *See Lugosch*, 435 F.3d at 123. Dispositive motions, such as motions to dismiss are accorded a strong presumption of openness because they are generally available, usually filed with the court, and determine a litigant's substantive rights. *See Amodeo II*, 71 F.3d at 1049, 1050. Moreover, by filing the Motion to Dismiss, Defendant requested that the Court exercise its authority to adjudicate Plaintiff's claims, further strengthening the weight of the presumption of access that attaches to his Motion. *See Bernstein*, 814 F.3d at 142. Given that Defendant submitted his Reply in further support of his Motion to Dismiss, his Reply brief is likewise accorded a strong presumption in favor of public access. *See Lugosch*, 435 F.3d at 123; *Sabre Global*

8

*Technologies Ltd. v. Hawaiian Airlines*, 22-cv-7395 (VSB), 2023 WL 5348883, at *3 (S.D.N.Y. Aug. 21, 2023) (explaining that a memorandum of law in support of a motion to dismiss and a reply in support of a motion to dismiss are judicial documents entitled to the strongest presumption of public access "because they were submitted in connection with a motion to dismiss").

Defendant contends that the presumption of access is limited where, as in this case, the request for dismissal does not rest on substantive grounds. In Defendant's view, because the Motion to Dismiss advances a purely procedural ground for dismissal and is based on the facial validity of the Complaint, "[the] case involves minimal presumption of openness and, rather, involves a relatively straightforward issue of procedural validity." (Doc. 14 at 2.) However, Defendant does not cite any authority holding that the presumption of public access is weaker for a dispositive motion that advances purely procedural grounds for dismissal. Rather, "[d]ocuments that play a large role 'in determining litigants' *substantive rights*,' which is 'conduct at the heart of Article III,' must be accorded the strongest presumption of openness." *Wilson*, 2011 WL 13214116, at *2 (emphasis added) (quoting *Amodeo II*, 71 F.3d at 1049). The weight accorded the presumption is measured not by whether the document asserts a procedural or substantive argument but by the document's role "in determining litigants' substantive rights." *Id*. Even accepting that Defendant's Motion to Dismiss advances a purely procedural statute-of-limitations argument, the Court's resolution of the Motion will determine Plaintiff's substantive rights: the Motion is a dispositive motion seeking to dismiss Plaintiff's Complaint in its entirety. (*See* Doc. 13.)

As Defendant's Motion to Dismiss (Doc. 13) and the Reply in Support of the Motion to Dismiss (Doc. 28) are central to the Court's exercise of its adjudicative authority, *Amodeo II*,

9

71 F.3d at 1049, the Court accords both documents a strong presumption in favor of public access.

### 2.      Defendant's Motions to File Under Seal

Defendant's Motions to File Under Seal (Docs. 14, 29) also fall along the far end of the presumption-of-public-access continuum.  While motions to seal are non-dispositive, they are "usually filed with the court and . . . generally available."  *Amodeo II*, 71 F.3d at 1050. Moreover, Local Rule 5.2 suggests that motions to seal are generally available, as the Rule requires a litigant to file the motion to seal on the public docket and to submit the underlying documents—those the litigant requests the court to seal—to the clerk's office pending the Court's ruling on the motion to seal.

Further, a motion to seal "directly affect(s) an adjudication," *Bernstein*, 814 F.3d at 142 (internal quotation marks omitted), and triggers the Court's exercise of its Article III powers, *Amodeo II*, 71 F.3d at 1049, because it is a motion requesting an adjudication of the sealing request.  However, unlike a motion to dismiss or a motion for summary judgment, a motion to seal does not determine litigants' substantive rights.  Therefore, the Court accords Defendant's Motions to File Under Seal a moderately strong presumption of public access.

### 3.      Exhibits Submitted in Support of Defendant's Motion to Dismiss

Defendant attached five Exhibits to his Motion to Dismiss (Docs. 13-1–13-5) and three Exhibits to his Reply to the Response to the Motion to Dismiss (Docs. 28-1–28-3).[2]  These Exhibits fall toward the far end of the continuum and are accorded a moderately strong presumption of public access because they were submitted for the Court's consideration in ruling

---

[2] Defendant requests sealing of eight Exhibits; however, Exhibit A in support of Defendant's Motion to Dismiss (Doc. 13-1) and Exhibit C in support of Defendant's Reply (Doc. 28-3) appear to be the same Exhibit. Therefore, the eight Exhibits consist of seven distinct documents.

10

on Defendant's Motion to Dismiss. *See Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. Dec. 12, 2007) (reasoning that the strength of the presumption turns on whether the submissions were made for the court to consider in its ruling on the merits). Defendant's attachment of the Exhibits to the Motion to Dismiss and Reply brief indicates his assessment that they are relevant to his Motion.[3]

Further, whether the Court ultimately relies on the Exhibits in its disposition of the Motion to Dismiss does not affect the weight of the presumption given to them. *See Lugosch*, 435 F.3d at 123 (explaining that the weight of the presumption is not informed by "the extent to which [the documents] were relied upon in resolving the motion"); *see also id.* ("If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." (omission in original) (quoting *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 101 F.R.D. 34, 43 (C.D. Cal. 1984))). Indeed, access to the Exhibits may prove essential to the public's assessment of the Court's decision on the Motion to Dismiss.

The Exhibits are therefore accorded a moderately strong presumption of public access because limiting access to the Exhibits would hinder the public's ability to "monitor the actions of the courts . . . to ensure 'a measure of accountability' and bolster 'confidence in the administration of justice.'" *Mirlis*, 952 F.3d at 60 (quoting *Amodeo II*, 71 F.3d at 1048).

---

[3] It appears Defendant's alternative argument for dismissal—raised for the first time in his Reply to the Response to the Motion to Dismiss—relies on the Court's explicit consideration of facts contained within several Exhibits. (*See* Doc. 28 at 7–9.)

## C. Balancing of Countervailing Considerations

"After determining the weight of the presumption of openness, the court must balance [the presumption of openness with] 'countervailing factors' such [as] 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Wilson*, 2011 WL 13214116 at *2 (quoting *Amodeo II*, 71 F.3d at 1050). "In determining the proper weight to accord an asserted privacy interest, a court should consider both 'the degree to which the subject matter is traditionally considered private rather than public,' as well as '[t]he nature and degree of the injury' to which the party resisting disclosure would be subjected were the privacy interest not protected." *Mirlis*, 952 F.3d at 61 (alteration in original) (quoting *Amodeo II*, 71 F.3d at 1051).

"During this balancing, the 'judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need.'" *Wilson*, 2011 WL 13214116 at *2 (quoting *Mariano v. LA Fitness, Inc.*, No. CV 09–1395(LDW)(ETB), 2010 WL 1459383, at *1 (E.D.N.Y. Apr. 13, 2010)). "If the Court determines that [the countervailing] considerations are present and outweigh the presumption of openness, the Court may order the filing be made under seal." *Id*. The burden is on the party requesting nondisclosure to put forth "substantial countervailing considerations—supported by examples or explicit reasoning—to overcome the presumption of public access." *Connecticut Gen. Life Ins. Co.*, 2023 WL 5567393, at *2.

Defendant asserts two countervailing factors that in his view outweigh the presumption of public access: (1) the interest of consistency in sealing orders between state and federal court, and (2) his privacy interests. (*See* Doc. 14 at 2–3; Doc. 29 (incorporating arguments set forth in Doc. 14).) As explained below, Defendant has not met his burden to demonstrate substantial

countervailing factors sufficient to overcome the weight of the presumption of access accorded the documents at issue.

### 1. Consistency Between State and Federal Court

The record in Plaintiff's case against Defendant in the Vermont Superior Court was sealed "as applied to [Defendant]." (Doc. 14 at 2.) Defendant asserts that, because "the Vermont Superior Court sealed the record as applied to [Defendant] in Plaintiff's suit concerning the same set of facts[,] . . . this Court should avoid inconsistent orders between the Superior Court and the U.S. District Court by ordering case filings to be made under seal." (*Id.*) According to Defendant, the Vermont Superior Court sealed the concurrent state court proceedings "pursuant to Vermont statute, namely 12 V.S.A. § 522(b)." (*Id.*)

The Court is not persuaded that consistency between state and federal court sealing decisions warrants a categorical approach to sealing in this case. To the extent that consistency between federal and state court sealing decisions could be considered a countervailing factor, the argument would only apply to the documents filed in the Vermont Superior Court proceedings; namely, Exhibits B, C, and D attached to Defendant's Motion to Dismiss.

The Court is not aware of any caselaw holding that consistency between federal and state court sealing decisions is a legitimate countervailing factor. The Second Circuit has explained that "countervailing factors *include but are not limited to* 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (emphasis added) (quoting *Amodeo II*, 71 F.3d at 1050). Although the Court may consider countervailing factors beyond those enumerated in *Lugosch*, consistency in sealing decisions between state and federal court is not a compelling countervailing factor in the circumstances of this case.

13

First, as Defendant notes, the sealing in the Vermont Superior Court proceedings "was done pursuant to Vermont statute, namely, 12 V.S.A. § 522(b)." (Doc. 14 at 2.) In relevant part, the statute provides:

> If a complaint is filed alleging an act of childhood sexual or physical abuse, *the complaint shall immediately be sealed* by the clerk of the court. The complaint shall remain sealed until the answer is served or, if the defendant files a motion to dismiss under Rule 12(b) of the Vermont Rules of Civil Procedure, until the court rules on that motion. If the complaint is dismissed, the complaint and any related papers or pleadings shall remain sealed. Any hearing held in connection with the motion to dismiss shall be in camera.

12 V.S.A. § 522(b) (emphasis added). As the Vermont statute requires sealing in cases alleging an act of childhood sexual abuse, the Vermont Superior Court did not apply the federal common law presumption of public access or otherwise consider the public's interest in access to judicial documents when it sealed the proceedings.[4] Further, the mandatory sealing provision of § 522(b) does not control this Court's application of federal law to the sealing issue in this case. *See Haynes v. Haggerty*, Case No. 19-cv-00164, 2020 WL 2557230, at *5 (D. Vt. May 19, 2020) (finding the mandatory sealing language of 12 V.S.A. § 522(b) inapplicable and instead conducting the sealing analysis under the federal common law presumption of public access because "federal law governs motions to seal records in federal court even when a state law addresses the type of records at issue"). Were the Court to find that consistency between federal and state court sealing decisions is a countervailing factor outweighing the presumption of access to judicial documents, the decision would undermine federal law because prior state court sealing decisions—even in cases where the state court was required by state law to seal the documents at issue—would effectively determine the sealing issue under federal law.

---

[4] According to the Vermont Superior Court, "[t]he clear purpose of the statute . . . is to protect the identity of defendant when alleged childhood sexual abuse claims are dismissed." (Doc. 13-3 at 4.) In other words, the Vermont statute does not direct courts to balance public access against competing privacy interests in deciding sealing issues; it mandates sealing in such cases.

Therefore, consistency between federal and state court sealing decisions is not a sufficiently strong countervailing factor outweighing the presumption of public access accorded the documents at issue.

### 2. Defendant's Privacy Interests

Defendant asserts various general privacy interests to justify his sealing request without differentiating the privacy interests that attach to each document he requests to seal. He contends that "Plaintiff's allegations are extremely serious, regardless of whether Plaintiff states a cause of action for which relief can be granted," and that "the allegations surrounding [Defendant]'s knowledge of the alleged facts are severe and implicate significant privacy interests." (Doc. 14 at 2–3.) However, even as Defendant states that the allegations in the Complaint raise significant privacy concerns, he has not requested sealing of the Complaint. Nor has he correlated his asserted privacy interests with each document he seeks to seal; namely, the Motion to Dismiss, Reply brief, Motions to Seal, and all accompanying Exhibits.[5] Therefore, with respect to Defendant's assertion that Plaintiff's allegations are severe and implicate his privacy interests, he has not made a "particular and specific demonstration of fact[] showing that disclosure [of the documents] would result in an injury sufficiently serious to warrant protection." *Thor Equities, LLC v. Factory Mut. Ins. Co.*, 20 Civ. 3380 (AT), 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023) (first alteration in original) (internal quotation marks omitted).

---

[5] Exhibit E attached to the Motion to Dismiss is a copy of a publicly available statute. As Defendant conceded at the March 19 hearing, this document does not implicate Defendant's privacy interests and may therefore be unsealed without further analysis.

Exhibit A attached to Defendant's Reply to the Response to the Motion to Dismiss is a copy of Plaintiff's discovery responses in the related New York state court proceedings. This document also does not appear to implicate Defendant's privacy interests as it primarily consists of Plaintiff's responses to questions about his medical history, educational background, and the facts giving rise to his claims. If anything, the information in Exhibit A may implicate Plaintiff's privacy interests. However, when the Court raised the private and confidential nature of Exhibit A at the March 19 hearing, Plaintiff stated that he opposes sealing of the document. This document may therefore be unsealed without further analysis.

Defendant also asserts that "'a clearly defined and serious injury . . . would result from disclosure of the document[s]'" due to his status as an elected official with the Vermont Legislature.  (Doc. 14 at 3 (omission in original) (quoting *Wilson*, 2011 WL 13214116, at *1).) However, Defendant does not explain the nature of any resulting injury or how disclosure of the documents at issue would cause such an injury.  To the extent the alleged injury is based on Defendant's concern that information in the documents will bring negative publicity, this is an insufficient reason for a court to seal documents.  *See, e.g.*, *Bernsten*, 307 F. Supp. 3d at 169 ("'Generalized concern[s] of adverse publicity' do not outweigh the presumption of access." (alteration in original) (quoting *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007))); *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp. 2d 197, 205–06 (S.D.N.Y. 2007); *Lugosch*, 435 F.3d at 123 n.5.  And to the extent the claimed injury derives from the sensitive nature of Plaintiff's allegations, "while a defendant's right to privacy is important, 'the potential for embarrassment' from the 'highly sensitive nature' of child sexual abuse allegations does not presumptively outweigh the right to public access." *Haynes*, 2020 WL 2557230, at *6 (quoting *Brown*, 929 F.3d at 50).  Moreover, Plaintiff claims that Defendant aided and abetted the alleged sexual abuse, not that Defendant himself sexually abused Plaintiff.  (Doc. 1 at 1.)  If the privacy interests of a defendant accused of committing sexual abuse do not presumptively outweigh the right to public access, *Haynes*, 2020 WL 2557230, at *6, the privacy interests of a defendant accused of aiding and abetting sexual abuse similarly fail to presumptively outweigh the right to public access.

Further, to the extent Defendant's privacy interests are rooted in the potential for public dissemination of the information contained in the documents at issue, the public and parallel New York state court proceedings diminish those privacy interests.  In considering a sealing

16

request under similar circumstances, this Court has previously explained that public filings in related state litigation reduce a defendant's privacy interests in the federal forum. *Id.* (reasoning that "[d]efendant's asserted privacy interest in these records is undermined by the Virginia proceedings that he contends are duplicative of this case, which are not sealed and which recite the same or similar facts"). This Court ultimately concluded that "this diminished privacy interest does not outweigh the heavy presumption in favor of public access." *Id.*

Similarly, this case involves "duplicative" state court proceedings. While Defendant notes that the pending state court proceedings in Vermont are sealed as to him (*see* Doc. 14 at 2), Plaintiff asserts that the state court proceedings in New York are not sealed and remain open to the public, thereby undermining "[a]ny privacy claims by Defendant."[6] (Doc. 24 at 2–3.) Defendant has a diminished privacy interest in many of the documents he requests the Court to seal because the New York state court proceedings are publicly accessible. *See United States v. Basciano*, 2010 WL 1685810, at *3–4 (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information). The parties also indicated at the hearing that the Vermont proceedings, the New York proceedings, and the present case are largely duplicative of one another, particularly with respect to the underlying factual allegations against Defendant. The public's access to the New York proceedings substantially reduces Defendant's privacy interests in the documents he seeks to seal.

Defendant has not articulated the precise nature of the injury he would suffer if the documents in this case were publicly available. *See Amodeo II*, 71 F.3d at 1051. Defendant's asserted privacy interests—which he has not stated with the requisite specificity and the strength

---

[6] At the hearing, Defendant did not dispute that the duplicative New York state court proceedings are public and not under seal. He likewise acknowledged that the New York State proceedings contain the same allegations against Defendant as those contained in Plaintiff's Complaint in this case.

17

of which are diminished by the public New York state court proceedings—do not outweigh the strong presumption of openness accorded Defendant's Motion to Dismiss and the Reply in Response to the Motion to Dismiss.  Defendant's asserted privacy interests also do not outweigh the moderately strong presumption of openness accorded the supporting Exhibits and Motions to Seal.

## Conclusion

The Motion to Dismiss and Reply in Response to the Motion to Dismiss are judicial documents accorded a strong presumption of openness.  The Exhibits filed in support of the Motion to Dismiss and the Reply to Response to the Motion to Dismiss, and the Motions to File Under Seal are judicial documents accorded a moderately strong presumption of openness.  Defendant's asserted countervailing considerations do not outweigh the strength of the presumption accorded these documents.  Therefore, Defendant's Motions to Seal (Docs. 14, 29) are DENIED.  The Clerk of Court is directed to unseal and make publicly available all currently sealed documents (Docs. 13, 13-1–13-6, 14, 28, 28-1–28-3, 29).  Should the parties subsequently request sealing of other documents in this case, any such request must comply with the procedures specified in Local Rule 5.2.

Dated at Burlington, in the District of Vermont, this 15th day of April 2024.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge
